TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00328-CR







Christopher Donald Maynard, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 43,794, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING








 Christopher Donald Maynard appeals from a trial-court judgment convicting him
of capital murder of a child under age six. See Tex. Penal Code Ann. § 19.03(a)(8) (West 1994). (1) 
The State did not seek the death penalty. The jury found Maynard guilty and the trial judge fixed
punishment at life imprisonment. See Tex. Code Crim. Proc. Ann. art. 37.071 (West Supp.
1995). We will affirm the judgment.



THE CONTROVERSY


 Maynard's wife found their infant son dead at the foot of a chair in which Maynard
was sleeping. The evidence established that the child died as a result of a skull fracture and
accompanying brain hemorrhage. Maynard testified that on that night he drank about sixteen
ounces of bourbon and took one or more Percocet tablets. There was evidence of his guilt and
evidence of his good character as a soldier, husband, and father.



IMPROPER JURY ARGUMENT


 Appellant's first and second points of error pertain to improper remarks by the
prosecutor in his argument to the jury during the guilt-innocence segment of the trial. The
remarks were as follows:



Ladies and gentlemen, it is all too common knowledge, and there are too many
specific examples to cite that sometimes those with the most monstrous personality
traits are those we least suspect. We are all too often shocked. Sometimes it is the
renowned pillar of the community, even a religious leader who shocks us when
their [sic] mask is removed to reveal the darkness behind. Most often it is
someone obscure like John Wayne Gacy, the beloved neighborhood clown, or the
non-descripting [sic] quiet candy maker, Jeffrey Dalmer [sic], or Ted Bundy, a
dashing law student who was able to lure his victims to their death with his charm. 
I doubt, few, if any, people among their family and friends knew what those men
were capable of.


. . . . 


This business about this alcohol, folks, you and I both know there is [sic] many,
many, people in the community drink that much with breakfast.



(Emphasis added). The trial judge sustained Maynard's objections to the foregoing statements and
instructed the jury to disregard them. The judge declined, however, to order a mistrial. Maynard
contends this was reversible error.

 A prosecutor's injection of new or harmful facts is improper argument but it may
be cured by an instruction to disregard. See Kinnamon v. State, 791 S.W.2d 84, 89 (Tex. Crim.
App. 1990), overruled on other grounds by Cook v. State, 884 S.W.2d 485, 491 (Tex. Crim.
App. 1994). The issue on appeal is whether the instruction could not reasonably be expected to
cure the prejudicial effect. Wilkerson v. State, 881 S.W.2d 321, 327 (Tex. Cr. App. 1994). We
believe the improper statements in the present case were no more prejudicial in their effect than
the statements held curable by instruction in Kinnamon. We hold accordingly and overrule points
of error one and two.



CONSTITUTIONAL CLAIM


 Section 19.03(a)(8) of the Penal Code, under which Maynard was convicted,
defines capital murder to include the murder of a person under age six. Because the State did not
seek the death penalty, the trial court imposed a life sentence. See Tex. Code Crim. Proc. Ann.
art. 37.071, § 1 (West Supp. 1995). Maynard must therefore serve forty calendar years of
imprisonment before he is eligible for parole. See id. art. 42.18, § 8(b)(2). He argues that his
sentence, while nominally only forty years, amounts to life imprisonment without parole and is
therefore cruel and unusual punishment because it is disproportionate to the offense for which he
was convicted. (2) See Solem v. Helm, 463 U.S. 277 (1983) (life imprisonment without possibility
of parole held unconstitutionally disproportionate for seventh felony of issuing worthless check). 
Consequently, Maynard contends in his third and fourth points of error, the trial court erred in
overruling his motion to quash the indictment and his motion for new trial.

 In Harmelin v. Michigan, 111 S. Ct. 2680 (1991), the Supreme Court sustained the
constitutionality of a Michigan statute that imposed a life sentence, without parole, on a defendant
convicted of possessing 650 grams or more of a mixture containing controlled substances. Justice
Scalia, joined by Chief Justice Rehnquist, upheld the statute on the basis that a proportionality
review should be limited to judgments imposing the death penalty because "death is different." 
Harmelin, 111 S. Ct. at 2701. Justices O'Connor and Souter concurred with Justice Kennedy's
opinion sustaining the statute on the basis that a proportionality analysis is required "only in the
rare cases in which a threshold comparison of the crime committed and the sentence imposed leads
to an inference of gross disproportionality." Id. at 2707 (Kennedy, J., concurring). We believe
Maynard's sentence for the murder of his child does not lead to such an inference. Life
imprisonment without parole may constitutionally be applied to such a violent crime. (3) Id. at 2705;
Solem, 463 U.S. at 299; Arnold v. State, 873 S.W.2d 27, 39 (Tex. Crim. App. 1993), cert.
denied, 115 S. Ct. 103 (1994). We hold accordingly and overrule Maynard's third and fourth
points of error.

 We therefore affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 15, 1995

Do Not Publish

 
1.   The offense occurred before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the Code amendments effective September 1, 1994,
have no effect on this offense other than renumbering section 19.03(a)(7) as section
19.03(a)(8), the current Code is cited for convenience.
2.   The Eighth Amendment to the Constitution of the United States prohibits the infliction
of "cruel and unusual punishments." The prohibition applies to state action through the due
process clause of the Fourteenth Amendment. Louisiana ex rel. Francis v. Resweber, 329 U.S.
459 (1949); Robinson v. California, 370 U.S. 660 (1962).
3.   Maynard argues in his brief from the proportionality analysis laid down in Solem,
comparing: (1) the gravity of the offense and harshness of the penalty; (2) the sentences imposed
on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the
same crime in other jurisdictions. In doing so, Maynard notes that Texas is one of the few states
that does not permit the introduction of evidence of voluntary intoxication to negate the mental
state required for the offense. This, he contends, makes his punishment disproportionate because
he might not be culpable at all. We need not consider the intoxication factor because we decline
to make the threshold inference of gross disproportionality. We note, however, that the jury were
instructed that "voluntary intoxication does not constitute a defense to the commission of crime,"
Tex. Penal Code Ann. § 8.04(a) (West 1994); and intoxication has no mitigating significance
beyond the special issues allowed upon proof of temporary insanity resulting from intoxication
in cases where the State seeks the death penalty under section 2 of article 37.071 of the Code of
Criminal Procedure. See Rosales v. State, 841 S.W.2d 368, 380-81 (Tex. Crim. App. 1992),
cert. denied, 114 S. Ct. 393 (1993).



se for which he
was convicted. (2) See Solem v. Helm, 463 U.S. 277 (1983) (life imprisonment without possibility
of parole held unconstitutionally disproportionate for seventh felony of issuing worthless check). 
Consequently, Maynard contends in his third and fourth points of error, the trial court erred in
overruling his motion to quash the indictment and his motion for new trial.

 In Harmelin v. Michigan, 111 S. Ct. 2680 (1991), the Supreme Court sustained the
constitutionality of a Michigan statute that imposed a life sentence, without parole, on a defendant
convicted of possessing 650 grams or more of a mixture containing controlled substances. Justice
Scalia, joined by Chief Justice Rehnquist, upheld the statute on the basis that a proportionality
review should be limited to judgments imposing the death penalty because "death is different." 
Harmelin, 111 S. Ct. at 2701. Justices O'Connor and Souter concurred with Justice Kennedy's
opinion sustaining the statute on the basis that a proportionality analysis is required "only in the
rare cases in which a threshold comparison of the crime committed and the sentence imposed leads
to an inference of gross disproportionality." Id. at 2707 (Kennedy, J., concurring). We believe
Maynard's sentence for the murder of his child does not lead to such an inference. Life
imprisonment without parole may constitutionally be applied to such a violent crime. (3) Id. at 2705;
Solem, 463 U.S. at 299; Arnold v. State, 873 S.W.2d 27, 39 (Tex. Crim. App. 1993), cert.
denied, 115 S. Ct. 103 (1994). We hold accordingly and overrule Maynard's third and fourth
points of error.

 We therefore affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 15, 1995

Do Not Publish

 
1.   The offense occurred before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the Code amendments effective September 1, 1994,
have no effect on this offense other than renumbering section 19.03(a)(7) as section
19.03(a)(8), the current Code is cited for convenience.
2.   The Eighth Amendment to the Constitution of the United States prohibits the infliction
of "cruel and unusual punishments." The prohibition applies to state action through the due
process clause of the Fourteenth Amendment. Louisiana ex rel. Francis v. Resweber, 329 U.S.
459 (1949); Robinson v. California, 370 U.S. 660 (1962).
3.   Maynard argues in his brief from the proportionality an